**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | ) ) ) ) | |
| | ) | Case No. 08 CV 1868 |
| Plaintiff, | ) ) | Judge Hart |
| v. | ) ) | Magistrate Judge Keys |
| ENVIRONMENTAL SUCCESS CONSTRUCTION, INC., | ) ) ) | |
| Defendant. | ) ) | |

## <u>MOTION FOR DEFAULT JUDGMENT</u>

Plaintiff, Chicago Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America ("Union"), by its attorneys, Terrance B. McGann, Amy Elizabeth Paluch Epton and David P. Lichtman of Whitfield McGann & Ketterman, move pursuant to the Federal Arbitration Act, 9 U.S.C §1 *et seq.* and Fed.R.Civ.P.55 for an Order confirming an arbitration award for monetary relief and for entry of judgment by this Court.  In support of this motion, the Petitioners state:

1.      The Plaintiff filed a Petition for Enforcement of Arbitration Award on April 1, 2008 and the summons and petition were personally served on Tracy Young, Corporate Secretary of Environmental Success Construction, Inc., on April 26, 2008 by the Process Server. **(Exhibit A Affidavit of Service)**

2.      The Defendant/Respondent has failed to timely answer or file an appropriate motion.  **(Exhibit B Affidavit of David P. Lichtman)**

3.      On November 29, 2007, Arbitrator Salkovitz Kohn issued a 7 page Award. **(Exhibit C Arbitration Award)**

4.      In the Award, the Arbitrator awarded $127,898.15 in wages and $53,527.85 in benefits to the Union, plus reasonable attorneys' fees and costs in the amount of $8,075.25. **(Exhibit C Arbitration Award)**

5.      The Award was made in accordance with the terms and provisions of the parties' written collective bargaining agreement and is proper in all respects.

6.      To date, the Defendant has not made any payments to the Plaintiff to satisfy the Award.  **(Exhibit D Affidavit of Peter DiRaffaele)**

7.      To date, the Award has not been vacated, modified or corrected, and no application to the Arbitrator or a court has been made for such a change.  **(Exhibit B Affidavit of David P. Lichtman)**

8.      The Defendant/Respondent failed to file a timely motion to vacate, modify or correct the Final Award.  **(Exhibit B Affidavit of David P. Lichtman)**

9.      The Petition for enforcement is brought within one year after the Arbitrator made the Award.  **(Exhibit B Affidavit of David P. Lichtman)**

WHEREFORE, the Union respectfully requests that the Honorable Court:

(a)      enter an Order confirming the Arbitrator's Award;
(b)      enter a Final Judgment pursuant to the Award in the amount of $181,426 for wages and benefits;
(c)      enter a Final Judgment pursuant to the Award in the amount of $8,075.25 for attorneys' fees and costs;
(d)      enter an award of post-judgment interest in the amount of &8,410.21 for the period after November 29, 2007 through June 4, 2008;
(e)      award such further relief as the Court deems just and equitable.

Respectfully submitted,

CHICAGO REGIONAL COUNCIL OF
CARPENTERS, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

/s/ David P. Lichtman

Terrance B. McGann (6199967)
Amy Elizabeth Paluch Epton (6278817)
David P. Lichtman (6290051)
WHITFIELD MCGANN & KETTERMAN
Attorney for Plaintiff
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
T: (312) 251-9700
Fax: (312) 251-9701

# EXHIBIT LIST

## EXHIBIT A
Affidavit of Service, Special Process Server

## EXHIBIT B
Sworn Declaration Pursuant to 28 U.S.C.A. § 1746
David P. Lichtman, Plaintiff's Attorney

## EXHIBIT C
Sworn Declaration Pursuant To 28 U.S.C.A. § 1746
Arbitration Award

## EXHIBIT D
Sworn Declaration Pursuant To 28 U.S.C.A. § 1746
Peter DiRaffaele, Business Manager

# EXHIBIT A

ClientCaseID:  N7641 DPL
Law Firm ID:   WHITFIEL


\* 1 8 3 6 6 4 A \*

CaseReturnDate:   5/13/08

Affidavit of  SPECIAL PROCESS SERVER

---

## UNITED STATES DISTRICT COURT

Case Number 08CV1868

I, R. MARSHALL GRADY

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL  REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

## CORPORATE SERVICE

THAT I SERVED THE WITHIN  PETITION
ON THE WITHIN NAMED  DEFENDANT  Environmental Success Construction, Inc.
PERSON SERVED  TRACEY YOUNG, CORPORATE SECRETARY
BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT ON 4/26/08

THAT I SERVED THE PETITION FOR ENFORCEMENT OF ARBITRATION AWARD

That the sex, race and approximate age of the person whom I left the     PETITION
are as follow:     Sex   FEMALE  Race   BLACK          Age   45
                   Height   5' 7        Build   MEDIUM       Hair   BROWN

LOCATION OF SERVICE    **1156 S. Wesley**
                       **Oak Park, IL, 60304**

Date Of Service    4/26/08          Time of Service    11:08 AM

                                                    _Marshall M_
                                                    R. MARSHALL GRADY                    4/28/2008
                                                    SPECIAL PROCESS SERVER
                                                    PERC# 0129-275752

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.

                                                    _Marshall M_

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | ) ) ) ) | |
| | ) | Case No. 08 CV 1868 |
| Plaintiff, | ) ) | Judge Hart |
| v. | ) ) | Magistrate Judge Keys |
| ENVIRONMENTAL SUCCESS CONSTRUCTION, INC. | ) ) ) | |
| Defendant. | ) ) | |

## AFFIDAVIT IN SUPPORT OF THE MOTION
## FOR DEFAULT JUDGMENT

Pursuant to 28 U.S.C. § 1746, I, David P. Lichtman, do declare under penalty of perjury that the following is true and correct:

1.      I am an associate in the law firm of Whitfield McGann & Ketterman and one of the attorneys for the Plaintiff in the above captioned matter. I am licensed to practice law in the State of Illinois and for the United States District Court for the Northern District of Illinois. I make this Declaration in support of Plaintiffs' Motion for Default Judgment.

2.      The Chicago Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America ("Union") filed a Petition to Enforce Arbitration Award on April 1, 2008.

3.      The Defendant was personally served on April 26, 2008 by Process Server.

4.      On November 29, 2007, Arbitrator Salkovitz Kohn issued a 7 page Award, attached as Exhibit A to the Petition for enforcement.

5.      In the Award, the Arbitrator awarded $127,898.15 in wages and $53,527.85 in benefits to the Union, plus reasonable attorneys' fees and costs in the amount of $8,075.25.

6.      To date, the Award has not been vacated, modified or corrected, and no application to the Arbitrator or a court has been made for such a change.

7.      The Defendant failed to file a timely motion to vacate, modify or correct the Award.

8.      The post-Award interest from November 29, 2007 through June 4, 2008 calculated at 9%, amounts to $8,410.21.

9.      The Petition for enforcement is brought within one year after the Arbitrator made the Award.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Affidavit is true and correct.

Dated: Jun 04, 2008

David P. Lichtman

David P. Lichtman
Whitfield McGann & Ketterman
111 E. Wacker Drive
Suite 2600
Chicago, IL 60601
(312) 251-9700, Fax (312) 251-9701
dlichtman@whitfield-mcgann.com
Attorney No. 6290051

2

# EXHIBIT C

**Before**
**LISA SALKOVITZ KOHN**
**Impartial Arbitrator**

In the Matter of the Arbitration between )
)
CHICAGO REGIONAL COUNCIL OF )    **Issue: Wage Claims**
CARPENTERS, )
Union, )
)
and )
)    **Ruling on Motion for**
)    **Directed Award**
ENVIRONMENTAL SUCCESS CONSTRUCTION, INC. )
Employer. )

# A W A R D

The issue presented for arbitration is whether the Employer, Environmental Success Construction, Inc. has violated the parties' collective bargaining agreement by failing to pay various Carpenters listed herein wages due for their work during May, June, July and August, 2007.

The following facts are drawn from the Union's Motion for a Directed Award, the Employer having failed to submit any response thereto despite notice from the Arbitrator of the opportunity to do so, as described more fully below:

## Factual Background

The Union and the Employer are parties to a collective bargaining agreement incorporating the terms and conditions of the Area Agreement for Cook, Lake, and DuPage Counties ("the Agreement").

During May, June, July and August, the Union members listed on Exhibit A performed work for the Employer for which they were paid neither wages nor fringe benefits. Beginning July 16, 2007, Union representatives made a number of attempts to notify the Employer of the carpenters' wage claims, including delivering copies of the wage claims to the Employer's office.

On July 28, 2007, the Union sent a letter to the Employer requesting copies of the Employer's quarterly tax returns, state unemployment compensation forms, payroll journals, general ledger, check stubs and cancelled checks, contribution reports, IRS forms, and "[a]ny and all records relating to" the carpenters for whom wage claims had

*Chicago Regional Council of Carpenters and Environmental Success Construction, Inc.*
*Issue: Wage Claims*
*Page 2*

been made, and specifically advising that "Under the terms of the collective bargaining agreement, if Environmental Success Construction fails to provide the requested documents within three days of this written request, Environmental Success Construction is deemed to admit the Union's claim." The Union's fax receipts indicate that the Employer received both letters. On August 8, 2007, the Union sent the Employer a request to proceed to arbitration over the delinquent wages.

On August 7, 2007, the Employer faxed the Union check detail reports for some of the Carpenters, and sent a note saying that the Employer planned to pay the Carpenters immediately. On August 8, the Employer faxed time sheets for the checks that the Employer planned to run for the payroll during the week of August 8. Although the Company issued checks for that payroll, those checks were dishonored as were payroll checks issued during other payrolls. However, despite a verbal request from the Union for the additional documents needed to resolve outstanding wage claims, the Employer never provided additional documents.

On September 6, 2007, the Union's attorney telephoned the Employer's President, Allen Young, and spoke with him about the wage claims. According to the Union's attorney, Mr. Young agreed that his company owed wages and benefits to various Carpenters and agreed to enter into an Agreed Motion to be presented to the Arbitrator, listing the Carpenters to whom wages were owed and the amounts of wages and benefits owed to each, and agreed to the date of November 14, 2007, for the arbitration of the dispute. However, when the Union's attorney attempted on October 8, 2007, to fax a demand letter to the Employer in preparation for the Agreed Motion, she learned that the Employer's facsimile number had been temporarily disconnected.

On October 23, 2007, the Union sought to contact the Employer's President by telephone, leaving a voicemail message for him, but he did not return the call. On October 29, 2007, the Union sent a letter to the Employer and the Arbitrator requesting a conference call and requesting that the Arbitrator order a face-to-face meeting between the Union and the Employer. The Employer did not respond.

On November 12, 2007, the Union sent a letter to the Arbitrator and the Employer, requesting postponement of the arbitration hearing. The Employer did not respond to this letter, and the hearing was not postponed. However the Employer did not appear for the arbitration hearing on November 14, 2007.

The Employer has not paid any of the disputed wages to date, and failed to provide all of the documentation related to the wage claims requested by the Union.

On November 15, 2007, the Union filed with the Arbitrator, and sent to the Employer, a Motion for a Directed Award in this matter, with supporting documents and affidavits. (Several of the affidavits were unsigned, but one signed copy was submitted on

*Chicago Regional Council of Carpenters and Environmental Success Construction, Inc.*
*Issue: Wage Claims*
*Page 3*

November 20, 2007.) By letter dated November 18, 2007, mailed to the Employer and the Union and June 24, 2007, the Arbitrator notified the Employer of its right to respond to the Motion, and set a deadline of November 28, 2007, for that response. The Arbitrator advised that she would rule on the Motion based on the materials received by close of business November 28, 2007. The Employer has not filed any response to the Motion nor communicated in any way with the Arbitrator to date.

## Discussion and Award

Currently pending are wage claims of Carpenters Francisco Avalos, Juan Campos, Gaudencio Contreras, Jose DeAlba, Juan DeAlba, Rigoberto DeAlba, Osvaldo Garcia, Esteban Guerra, Jr., Gerardo Hernandez, Aaron Huerta, Jesus Huerta, Bernardo Irizarry, Dan Jensen, William Jordan, Leonardo Martinez, Marco Martinez, Orlando Moore, Gustavo Morales, Alexis Perez, William Perez, Vincente Pinto, Paul Potter, Mario Rangel, Jose Reyes, Deon Rist, Ricardo Rivera, Armando Robles, Alejandro Ruiz, Juan Luis Saldana, Raul Tamayo, Jaime Tena, Oscar Vasquez, and Hector Vasquez. All but Paul Potter and Jaime Tena have submitted verified wage claims.

Article 18.1 of the Area Agreement adopted by the parties states, with respect to an employer's failure to provide information requested by the Union in order to proceed to arbitration:

> In the event the dispute involves an issue concerning wages or other issues wherein the Union must have information or documents in order to proceed, the employer must provide such requested information within three (3) days of a request. Failure of the employer to timely provide such information shall be deemed an admission of the union or employee's claim. (Emphasis added.)

It is undisputed that the Employer received a request for information and documents needed in order to proceed with the wage claims known to the Union as of the date of the request, but failed to provide much of the information requested. By the terms of the Area Agreement, this failure must be deemed an admission by the Employer that the claims are meritorious, particularly in light of those few timesheets that were provided by the Employer. This is consistent with the determinations of three other arbitrators who have construed Article 18.1 of the Area Agreement, have held that an employer's failure to provide necessary and requested information within the three-day period constitutes an admission of the claim by the employer and have issued an award adverse to the employer based on that admission. However, the Union must still present a verified statement of claim for each of the Carpenters seeking relief.

Accordingly, based on the Employer's admission, the compensation provisions of the Area Agreement, and the affidavits and other evidence submitted, including verified statements of claim filed by eighteen of the twenty claimants, the Arbitrator finds that as compensation unpaid for work performed by the claimants on various dates listed in their

*Chicago Regional Council of Carpenters and Environmental Success Construction, Inc.*
*Issue: Wage Claims*
*Page 4*

claims during May, June, July and/or August, 2007, the Employer owes those eighteen claimants the amounts shown on Attachment A.

In addition, Article 18.7 of the Area Agreement provides:

> In any arbitration hearing brought pursuant to this Article [Article XVIII], the Arbitrator shall have the authority to award the prevailing party its reasonable attorney fees and costs incurred in the action.

The Employer's course of conduct from the time of the Union's initial contact about Savage's wage claim, refusing to provide most of the requested information, issuing bad payroll checks after representing to the Union that wages would be paid, refusing to participate in the arbitration process, and failing to respond to the Union's Motion for a Directed Award, demonstrates the Employer's ultimate disregard for its obligations under the Agreement both to pay wages and benefits pursuant to its terms and to participate in proceedings under Article XVIII of the Area Agreement. Under the totality of the circumstances here, it is appropriate to exercise the authority given by Article 18.7 and award the Union, the prevailing party here, its reasonable attorney fees and costs incurred in the action. The Union has included with its Motion an affidavit from its attorney, Amy Paluch Epton, and supporting time records showing that the Union has incurred attorneys' fees in connection with this matter for 43.65 hours of worked, billed at the rate of $185.00 per hour, for a total of $8,075.25.[1] From the time records, and based on the quality of Ms. Paluch Epton's work on the Motion for Directed Award, I find that the hourly rate charged was reasonable, the hours spent and the work done on this matter were reasonable, and the amount of $8075.25 is a reasonable amount of fees in this case.

Finally, while the parties are jointly and severally liable to the Arbitrator for her fee, the parties have agreed between themselves in Article 18.4 that "the expense of the Arbitrator shall be shared by the parties in equal proportions." Therefore, if the Union pays the Arbitrator in full, the Employer shall be liable to the Union for half the fee. Otherwise, the Employer remains jointly and severally liable for the full amount of the fee.

For the reasons stated above, the Arbitrator therefore issues the following:

---

[1] Although the time records show a total of 67.65 hours, Ms. Paluch Epton has excluded 24 hours as unrelated to this arbitration.

*Chicago Regional Council of Carpenters and Environmental Success Construction, Inc.*
*Issue: Wage Claims*
*Page 5*

# A W A R D

1.     The Union's Motion for a Directed Award is granted, and the arbitration hearing set for November 14, 2007 is cancelled as moot.

2.     Because of the Employer's failure to provide many of the documents needed and requested by the Union in order to proceed with the wage claims of the employees listed on Exhibit A hereto, the Employer is deemed to have admitted those claims that have been supported by verified statements of claim.  However, the wage claims of Paul Potter and Jaime Tena are denied as there was no verified statement of claim to support the claims.

3.     The Employer shall pay back wages due in the amounts listed on Exhibit A to the Carpenters indicated therein, in the total aggregate amounts of $ 127,898.15 in wages and  $ 53,527.85 in benefits.

4.     The Employer shall pay to the Union its reasonable attorneys' fees and costs incurred in this matter, in the amount of $8,075.25.

5.     The Employer shall reimburse the Union one-half the Arbitrator's fee, if the Union pays the fee.

6.     The Arbitrator retains jurisdiction to resolve any other issues related to implementation of the Award.

Respectfully submitted,

*Lisa S Kohn*

November 29, 2007                    Lisa Salkovitz Kohn

*Chicago Regional Council of Carpenters and Environmental Success Construction, Inc.*
*Issue: Wage Claims*
*Page 6*

## EXHIBIT A

| NAME | WAGES | BENEFITS | TOTAL |
|---|---|---|---|
| Francisco Avalos | $ 1,473.04 | $ 478.50 | $ 1,951.54 |
| Juan Campos | 1,057.56 | 396.00 | 1,453.56 |
| Guadencio Contreres | 7,251.98 | 2,673.00 | 9,924.98 |
| Jose DeAlba | 2,077.35 | 814.50 | 2,891.85 |
| Juan DeAlba | 1,964.04 | 792.00 | 2,756.04 |
| Rigoberto DeAlba | 3,303.76 | 1,316.00 | 4,619.76 |
| Osvaldo Garcia | 5,874.64 | 2,493.92 | 8,368.56 |
| Esteban Guerra, Jr. | 1,964.04 | 792.00 | 2,756.04 |
| Gerardo Hernandez | 3,701.46 | 1,518.00 | 5,219.46 |
| Aaron Huerta | 4,346.59 | 1,664.84 | 6,011.43 |
| Jesus Huerta | 5,263.07 | 2,077.00 | 7,340.07 |
| Bernardo Irizarry | 2,973.12 | 827.04 | 3,800.16 |
| Dan Jensen | 2,681.76 | 957.00 | 3,638.76 |
| William Jordan | 3,340.69 | 3,217.50 | 6,558.19 |
| Leonardo Martinez | 6,949.76 | 2,541.00 | 9,490.76 |
| Marco Martinez | 1,605.23 | 585.75 | 2,190.98 |
| Orlando Moore | 906.48 | 198.00 | 1,104.48 |
| Gustavo Morales | 1,139.58 | 508.48 | 1,648.06 |
| Alexis Perez | 11,161.04 | 4,273.50 | 15,434.54 |
| William Perez | 20,155.14 | 11,781.00 | 31,936.14 |
| Vicente Pinto | 2,152.89 | 759.00 | 2,911.89 |
| Mario Rangel | 3,218.76 | 1,042.56 | 4,261.32 |

*Chicago Regional Council of Carpenters and Environmental Success Construction, Inc.*
*Issue: Wage Claims*
*Page 7*

| NAME | WAGES | BENEFITS | TOTAL |
|------|------:|---------:|------:|
| Jose Reyes | 8,403.73 | 2,771.50 | 11,175.23 |
| Deon Rist | 2,379.52 | 957.00 | 3,336.52 |
| Ricardo Rivera | 8,403.73 | 3,003.00 | 11,406.73 |
| Armando Robles | 2,617.55 | 957.00 | 3,574.55 |
| Alejandro Ruiz | 2,013.60 | 622.64 | 2,636.24 |
| Jose Luis Saldana | 2,228.44 | 1,084.62 | 3,313.06 |
| Raul Tamayo | 1,661.88 | 660.00 | 2,321.88 |
| Oscar Vasquez | 868.70 | 297.00 | 1,164.70 |
| Hector Velasquez | 4,759.02 | 1,468.50 | 6,227.52 |
| **AGGREGATE TOTALS** | **$ 127,898.15** | **$ 53,527.85** | **$ 181,425.00** |

(Exhibit A, page 2)

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | ) ) ) ) | |
| | ) | Case No. 08 CV 1868 |
| Plaintiff, | ) ) | Judge Hart |
| v. | ) ) | Magistrate Judge Keys |
| ENVIRONMENTAL SUCCESS CONSTRUCTION, INC. | ) ) ) | |
| Defendant. | ) ) | |

## AFFIDAVIT OF PETER DIRAFFAELE

Pursuant to 28 U.S.C. § 1746, I, Peter DiRaffaele, do declare under penalty of perjury that the following is true and correct:

1.      I am the Council Business Representative of the Chicago Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America, and in such capacity I am authorized to make this Affidavit on behalf of the Union.

2.      On November 29, 2007, Arbitrator Salkovitz Kohn issued a 7 page Award.

3.      To date, the Defendant has not made any payments to the Union to satisfy the Award.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Affidavit is true and correct.

Date: 06/03/08

Peter DiRaffaele, Business Manager