**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | ) ) ) ) | |
| | ) | Case No. 08 CV 1868 |
| Plaintiff, | ) ) | Judge Hart |
| v. | ) ) | Magistrate Judge Keys |
| ENVIRONMENTAL SUCCESS CONSTRUCTION, INC., | ) ) ) | |
| Defendant. | ) ) | |

MOTION FOR RULE TO SHOW CAUSE

Plaintiff, by David P. Lichtman, move this Honorable Court to enter an Order for Rule to Show Cause Why Defendant Should Not be Held in Contempt for Defendant's failure to appear at a Citation to Discover Assets Examination and in support state:

1.      This is a case seeking to enforce an arbitration award issued on November 29, 2007.  On June 11, 2008, judgment was entered against the Defendant which confirmed the arbitration award dated November 29, 2007. **(Group Exhibit A)**

2.      On June 30, 2008, a letter, Citation Notice and Citation to Discover Assets ("Citation") was sent to the Defendant care of Allen Young, Owner and Officer.  The Citation ordered Allen Young to appear on July 24, 2008.  The letter outlined the citation process and consequences if Allen Young failed to comply. **(Group Exhibit B)**

3.      Tracy Young, Corporate Secretary of Defendant Environmental Success Construction, Inc., was personally served with the citation on July 2, 2008 via process server.  **(Exhibit C)**  Despite being served, Allen Young failed to appear at the citation examination on behalf of the Defendant, Environmental Success Construction, Inc. The Citation expressly set forth that:

**WARNING:    YOUR  FAILURE  TO  COMPLY  WITH  THE
CITATION  PROCEEDING  MAY  RESULT  IN  A  JUDGMENT
BEING  ENTERED  AGAINST  YOU  FOR  THE  UNSATISFIED
AMOUNT OF THIS JUDGMENT.  735 ILCS 5/2-1402(D)(1)**

**WARNING:    YOUR  FAILURE  TO  APPEAR  AT  THE
CITATION HEARING AS HEREIN DIRECTED MAY CAUSE
YOU  TO  BE  ARRESTED  AND  BROUGHT  BEFORE  THE
COURT  TO  ANSWER  TO  A  CHARGE  OF  CONTEMPT  OF
COURT,      WHICH      MAY      BE      PUNISHABLE      BY
IMPRISONMENT.**

WHEREFORE, Plaintiff pray that its motion be granted and that an

Order for Rule to Show Cause as to Why Environmental Success Construction,

Inc. Should Not Be held in Contempt be issued returnable on a date certain.


Respectfully submitted,


s/  DAVID P. LICHTMAN
Attorney for the Plaintiff


Terrance B. McGann (6199967)
Amy Elizabeth Paluch Epton (6278817)
David P. Lichtman (6290051)
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700 Fax (312) 251-9701

# EXHIBIT LIST

### GROUP EXHIBIT A
Arbitration Award, November 29, 2007
Judgment Order, July 9, 2008

### GROUP EXHIBIT B
Letter to Citation Respondent
Citation Notice
Citation to Discover Assets

### EXHIBIT C
Affidavit of Service, Special Process Server

# EXHIBIT A

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

Chicago Regional Council of Carpenters,
United Brotherhood of Carpenters and Joiners
of America

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 08 C 1868

Environmental Success Construction, Inc.

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been
tried and the jury rendered its verdict.

■     Decision by Court. This action came to hearing before the Court. The issues have been
heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's motion for default judgment  is
granted.  Court enters judgment confirming the arbitration award dated 11/29/2007.

Michael W. Dobbins, Clerk of Court

Date: 6/11/2008

_____

/s/ Carol Wing, Deputy Clerk

**Before**
**LISA SALKOVITZ KOHN**
**Impartial Arbitrator**

| | |
|---|---|
| In the Matter of the Arbitration between | ) |
| | ) |
| CHICAGO REGIONAL COUNCIL OF | ) |
| CARPENTERS, | ) |
| Union, | ) |
| | ) |
| and | ) |
| | ) |
| ENVIRONMENTAL SUCCESS CONSTRUCTION, INC. | ) |
| Employer. | ) |

Issue: Wage Claims

Ruling on Motion for
Directed Award

# A W A R D

The issue presented for arbitration is whether the Employer, Environmental Success Construction, Inc. has violated the parties' collective bargaining agreement by failing to pay various Carpenters listed herein wages due for their work during May, June, July and August, 2007.

The following facts are drawn from the Union's Motion for a Directed Award, the Employer having failed to submit any response thereto despite notice from the Arbitrator of the opportunity to do so, as described more fully below:

## Factual Background

The Union and the Employer are parties to a collective bargaining agreement incorporating the terms and conditions of the Area Agreement for Cook, Lake, and DuPage Counties ("the Agreement").

During May, June, July and August, the Union members listed on Exhibit A performed work for the Employer for which they were paid neither wages nor fringe benefits. Beginning July 16, 2007, Union representatives made a number of attempts to notify the Employer of the carpenters' wage claims, including delivering copies of the wage claims to the Employer's office.

On July 28, 2007, the Union sent a letter to the Employer requesting copies of the Employer's quarterly tax returns, state unemployment compensation forms, payroll journals, general ledger, check stubs and cancelled checks, contribution reports, IRS forms, and "[a]ny and all records relating to" the carpenters for whom wage claims had

*Chicago Regional Council of Carpenters and Environmental Success Construction, Inc.*
*Issue: Wage Claims*
*Page 2*

been made, and specifically advising that "Under the terms of the collective bargaining agreement, if Environmental Success Construction fails to provide the requested documents within three days of this written request, Environmental Success Construction is deemed to admit the Union's claim." The Union's fax receipts indicate that the Employer received both letters. On August 8, 2007, the Union sent the Employer a request to proceed to arbitration over the delinquent wages.

On August 7, 2007, the Employer faxed the Union check detail reports for some of the Carpenters, and sent a note saying that the Employer planned to pay the Carpenters immediately. On August 8, the Employer faxed time sheets for the checks that the Employer planned to run for the payroll during the week of August 8. Although the Company issued checks for that payroll, those checks were dishonored as were payroll checks issued during other payrolls. However, despite a verbal request from the Union for the additional documents needed to resolve outstanding wage claims, the Employer never provided additional documents.

On September 6, 2007, the Union's attorney telephoned the Employer's President, Allen Young, and spoke with him about the wage claims. According to the Union's attorney, Mr. Young agreed that his company owed wages and benefits to various Carpenters and agreed to enter into an Agreed Motion to be presented to the Arbitrator, listing the Carpenters to whom wages were owed and the amounts of wages and benefits owed to each, and agreed to the date of November 14, 2007, for the arbitration of the dispute. However, when the Union's attorney attempted on October 8, 2007, to fax a demand letter to the Employer in preparation for the Agreed Motion, she learned that the Employer's facsimile number had been temporarily disconnected.

On October 23, 2007, the Union sought to contact the Employer's President by telephone, leaving a voicemail message for him, but he did not return the call. On October 29, 2007, the Union sent a letter to the Employer and the Arbitrator requesting a conference call and requesting that the Arbitrator order a face-to-face meeting between the Union and the Employer. The Employer did not respond.

On November 12, 2007, the Union sent a letter to the Arbitrator and the Employer, requesting postponement of the arbitration hearing. The Employer did not respond to this letter, and the hearing was not postponed. However the Employer did not appear for the arbitration hearing on November 14, 2007.

The Employer has not paid any of the disputed wages to date, and failed to provide all of the documentation related to the wage claims requested by the Union.

On November 15, 2007, the Union filed with the Arbitrator, and sent to the Employer, a Motion for a Directed Award in this matter, with supporting documents and affidavits. (Several of the affidavits were unsigned, but one signed copy was submitted on

*Chicago Regional Council of Carpenters and Environmental Success Construction, Inc.*
*Issue: Wage Claims*
*Page 3*

November 20, 2007.) By letter dated November 18, 2007, mailed to the Employer and the Union and June 24, 2007, the Arbitrator notified the Employer of its right to respond to the Motion, and set a deadline of November 28, 2007, for that response. The Arbitrator advised that she would rule on the Motion based on the materials received by close of business November 28, 2007. The Employer has not filed any response to the Motion nor communicated in any way with the Arbitrator to date.

## Discussion and Award

Currently pending are wage claims of Carpenters Francisco Avalos, Juan Campos, Gaudencio Contreras, Jose DeAlba, Juan DeAlba, Rigoberto DeAlba, Osvaldo Garcia, Esteban Guerra, Jr., Gerardo Hernandez, Aaron Huerta, Jesus Huerta, Bernardo Irizarry, Dan Jensen, William Jordan, Leonardo Martinez, Marco Martinez, Orlando Moore, Gustavo Morales, Alexis Perez, William Perez, Vincente Pinto, Paul Potter, Mario Rangel, Jose Reyes, Deon Rist, Ricardo Rivera, Armando Robles, Alejandro Ruiz, Juan Luis Saldana, Raul Tamayo, Jaime Tena, Oscar Vasquez, and Hector Vasquez. All but Paul Potter and Jaime Tena have submitted verified wage claims.

Article 18.1 of the Area Agreement adopted by the parties states, with respect to an employer's failure to provide information requested by the Union in order to proceed to arbitration:

> In the event the dispute involves an issue concerning wages or other issues wherein the Union must have information or documents in order to proceed, the employer must provide such requested information within three (3) days of a request. <u>Failure of the employer to timely provide such information shall be deemed an admission of the union or employee's claim.</u> (Emphasis added.)

It is undisputed that the Employer received a request for information and documents needed in order to proceed with the wage claims known to the Union as of the date of the request, but failed to provide much of the information requested. By the terms of the Area Agreement, this failure must be deemed an admission by the Employer that the claims are meritorious, particularly in light of those few timesheets that were provided by the Employer. This is consistent with the determinations of three other arbitrators who have construed Article 18.1 of the Area Agreement, have held that an employer's failure to provide necessary and requested information within the three-day period constitutes an admission of the claim by the employer and have issued an award adverse to the employer based on that admission. However, the Union must still present a verified statement of claim for each of the Carpenters seeking relief.

Accordingly, based on the Employer's admission, the compensation provisions of the Area Agreement, and the affidavits and other evidence submitted, including verified statements of claim filed by eighteen of the twenty claimants, the Arbitrator finds that as compensation unpaid for work performed by the claimants on various dates listed in their

*Chicago Regional Council of Carpenters and Environmental Success Construction, Inc.*
*Issue: Wage Claims*
*Page 4*

claims during May, June, July and/or August, 2007, the Employer owes those eighteen claimants the amounts shown on Attachment A.

In addition, Article 18.7 of the Area Agreement provides:

> In any arbitration hearing brought pursuant to this Article [Article XVIII], the Arbitrator shall have the authority to award the prevailing party its reasonable attorney fees and costs incurred in the action.

The Employer's course of conduct from the time of the Union's initial contact about Savage's wage claim, refusing to provide most of the requested information, issuing bad payroll checks after representing to the Union that wages would be paid, refusing to participate in the arbitration process, and failing to respond to the Union's Motion for a Directed Award, demonstrates the Employer's ultimate disregard for its obligations under the Agreement both to pay wages and benefits pursuant to its terms and to participate in proceedings under Article XVIII of the Area Agreement. Under the totality of the circumstances here, it is appropriate to exercise the authority given by Article 18.7 and award the Union, the prevailing party here, its reasonable attorney fees and costs incurred in the action. The Union has included with its Motion an affidavit from its attorney, Amy Paluch Epton, and supporting time records showing that the Union has incurred attorneys' fees in connection with this matter for 43.65 hours of worked, billed at the rate of $185.00 per hour, for a total of $8,075.25.[1] From the time records, and based on the quality of Ms. Paluch Epton's work on the Motion for Directed Award, I find that the hourly rate charged was reasonable, the hours spent and the work done on this matter were reasonable, and the amount of $8075.25 is a reasonable amount of fees in this case.

Finally, while the parties are jointly and severally liable to the Arbitrator for her fee, the parties have agreed between themselves in Article 18.4 that "the expense of the Arbitrator shall be shared by the parties in equal proportions." Therefore, if the Union pays the Arbitrator in full, the Employer shall be liable to the Union for half the fee. Otherwise, the Employer remains jointly and severally liable for the full amount of the fee.

For the reasons stated above, the Arbitrator therefore issues the following:

---

[1] Although the time records show a total of 67.65 hours, Ms. Paluch Epton has excluded 24 hours as unrelated to this arbitration.

*Chicago Regional Council of Carpenters and Environmental Success Construction, Inc.*
*Issue: Wage Claims*
*Page 5*

## A W A R D

1.  The Union's Motion for a Directed Award is granted, and the arbitration hearing set for November 14, 2007 is cancelled as moot.

2.  Because of the Employer's failure to provide many of the documents needed and requested by the Union in order to proceed with the wage claims of the employees listed on Exhibit A hereto, the Employer is deemed to have admitted those claims that have been supported by verified statements of claim. However, the wage claims of Paul Potter and Jaime Tena are denied as there was no verified statement of claim to support the claims.

3.  The Employer shall pay back wages due in the amounts listed on Exhibit A to the Carpenters indicated therein, in the total aggregate amounts of $ 127,898.15 in wages and $ 53,527.85 in benefits.

4.  The Employer shall pay to the Union its reasonable attorneys' fees and costs incurred in this matter, in the amount of $8,075.25.

5.  The Employer shall reimburse the Union one-half the Arbitrator's fee, if the Union pays the fee.

6.  The Arbitrator retains jurisdiction to resolve any other issues related to implementation of the Award.

Respectfully submitted,

*Lisa S Kohn*

November 29, 2007                    Lisa Salkovitz Kohn

# EXHIBIT B

# WHITFIELD, McGANN & KETTERMAN
Attorneys at Law

Collins P. Whitfield*
Terrance B. McGann
Travis J. Ketterman
———
Amy E. Paluch Epton
Gregory N. Freerksen
Karl E. Masters
Daniel P. McAnally
Guy Z. Prihar, Ph.D.
Karen M. Rioux
Raymond J. Sanguinetti
Leonard D. Saphire-Bernstein

*Also Licensed in Wisconsin
**Also Licensed in Pennsylvania
New Jersey
———
Of Counsel
Goldberg, Weisman & Cairo
Dianne M. Onichimowski**
Kenneth J. Cortesi
Mark A. Spadoro

SUITE 2600
111 EAST WACKER DRIVE
CHICAGO, ILLINOIS 60601
TELEPHONE (312) 251-9700
FACSIMILE (312) 251-9701

 445



June 30, 2008

*Via Special Process Server*

Allen Young
Environmental Success Construction, Inc.
1156 S. Wesley
Oak Park, IL  60304

**Re:**    *Chicago Regional Council of Carpenters vs. Environmental Success Construction, Inc.*
            *Case No.:*      *08 C 1868*      *Our File No.:*   *N7641*

Dear Mr. Young:

Enclosed please find a Citation to Discover Assets that orders you to appear in our offices on July 24, 2008 at 10:00 a.m. to give deposition testimony as to the assets of the defendant/judgment debtor in this case.  You must call me to confirm that you will appear so that we can make arrangements with the court reporter.

If you are unable to appear on that date, you must call me to discuss why you cannot appear.  If agreed to by us, we will continue the citation examination hearing to a mutually convenient date and time.

As you can see from the Citation, you are prohibited from making or allowing any transfer or other disposition of any property not exempt from execution belonging to the judgment debtor, Environmental Success Construction, Inc., until further order of Court or agreement from us as attorneys for the judgment creditor.  This prohibition includes payroll and any other transactions involving assets of the defendant/judgment debtor.

Your failure to appear at our offices as directed may cause you to be arrested and brought before the Court to answer a charge of contempt of court, which may be punishable by imprisonment.

If you have any questions, please call.

Sincerely,

DAVID P. LICHTMAN

DPL/tk
Enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF          )
CARPENTERS, UNITED BROTHERHOOD       )
OF CARPENTERS AND JOINERS            )
OF AMERICA,                          )    Case No. 08 CV 1868
                                     )
              Plaintiff,             )    Judge Hart
                                     )
       v.                            )    Magistrate Judge Keys
                                     )
ENVIRONMENTAL SUCCESS                )
CONSTRUCTION, INC.,                  )
                                     )
              Defendant.             )
                                     )

## *CITATION NOTICE*

**Judgment Debtor's last known address:**          **Judgment Creditor/Creditor's Attorney:**
**Name:**    **Environmental Success**             **Name:**    **David P. Lichtman**
             **Construction, Inc.**                **Address:**  Whitfield McGann Ketterman,
**Address:**  1156 S. Wesley                                     111 East Wacker Drive, Suite
             Oak Park, IL, 60304                                2600 Chicago, IL 60601

*Judgment in the amount of:*    $197,911.46 on June 11, 2008
*Name of person receiving*      Allen Young
*citation:*                     Environmental Success Construction, Inc.
                                1156 S. Wesley
                                Oak Park, IL 60304

*Citation Date:*                **July 24, 2008 at 10:00 a.m.**
*Location of Citation:*         111 East Wacker Drive, Suite 2600, Chicago, IL 60601

   NOTICE:    The Court has issued a citation against the person named above.  The citation directs that person to appear in the Law Office of Whitfield McGann & Ketterman to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest.  The Citation was issued on the basis of a judgment entered against the judgment debtor in favor of the judgment creditor in the amount stated above.  On or after the citation date, the court may compel the application of any discovered income or assets toward payment on the judgment.

   The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law.  The JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT

STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE.

1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $2,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefit; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $1,200 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $750 in value, in any implements, professional books, or tools of the trade of the debtor.

2) Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $7,500 which homestead is exempt from judgment.

3) Under Illinois Law, the amount of wages that may be applied toward a judgment is limited to the lesser of disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage.

4) Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week cxceed the total of 30 times the federal minimum hourly wage.

5) Pension and retirement benefits and refunds may be claimed as exempt under Illinois law. The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at 219 South Dearborn Street, Rm. 1425, Chicago, Illinois 60604. When so notified, the Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor regarding the time and location of the hearing.

<u>This notice may be sent by regular first class mail.</u>

David P. Lichtman (#6290051)
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700 Fax (312) 251-9701

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF | ) | |
| CARPENTERS, UNITED BROTHERHOOD | ) | |
| OF CARPENTERS AND JOINERS | ) | |
| OF AMERICA, | ) | Case No. 08 CV 1868 |
| | ) | |
| Plaintiff, | ) | Judge Hart |
| | ) | |
| v. | ) | Magistrate Judge Keys |
| | ) | |
| ENVIRONMENTAL SUCCESS | ) | |
| CONSTRUCTION, INC., | ) | |
| Defendant. | ) | |
| | ) | |

## CITATION TO DISCOVER ASSETS

TO:    Allen Young
       Environmental Success Construction, Inc.
       1156 S. Wesley
       Oak Park, IL 60304

YOU ARE HEREBY COMMANDED to be present in person at the law offices of Whitfield McGann & Ketterman, 111 East Wacker Drive, Suite 2600, Chicago, Illinois 60601 on July 24 at the hour of 10:00 A.M. and then and there to answer under oath such questions as may be put to you concerning the property of the judgment debtor, Environmental Success Construction, Inc.

Judgment was entered on June 11, 2008 for the plaintiffs/judgment creditor and against ENVIRONMENTAL SUCCESS CONSTRUCTION, INC. in the sum of $197,911.46. A copy of the judgment is attached to this Citation.

### *You are commanded to bring the following documents to the Citation*

Any and all books, papers, records, and other documents of any type or nature whatsoever in your possession or control or to which you have access, which contain or may contain information or lead to information concerning personal property or real property owned by you or in which you have a legal and/or equitable interest or concerning your income within the last year or right to income in the future, including but not limited to the following:

1.  Federal and State income tax returns for the past two (2) calendar years.

2.  Records of checking accounts owned individually or jointly with any other person or person.

3.  Records of savings accounts or savings certificates owned individually or jointly with any other person or persons.

4.  Title or other evidence of ownership of real estate situated in Illinois or anywhere else.

5.  Documents regarding any equitable or beneficial ownership of any real estate in Illinois or anywhere else.

6.  Titles or other evidence of ownership of automobiles, trucks, vans, campers, motorcycles or snowmobiles or other motor vehicles of any type or description.

7.  Titles or other evidence of ownership of equipment, machinery, tools and the like.

8.  All accounts receivable due you from any other person, persons or companies.

9.  All notes or other loans due you from any other person, persons or companies.

10. All lawsuits, claims or causes of action against any other person, persons or companies.

11. All stocks, bonds or similar instruments owned by you or in which you have an interest either in your name or with any other person or persons.

12. All life insurance policies owned by you or in which you have an interest.

13. All written or oral trusts of which you are a beneficiary.

14. All accounts of any kind in which any person is holding any item of value for you for safekeeping or as custodian or trustee.

15. Evidence of any safe deposit boxes of which you are an owner.

16. Leases in which you have the right to receive rent or anything else of value.

17. Estates of which you are an heir, devisee or legatee.

YOU ARE REQUIRED to do the following upon receiving this Citation until further Order of Court in accordance with Supreme Court Rule 277(f), or until this Citation is dismissed by the Court or by Stipulation:

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment Debtor or to which he/she may be entitled or which may be acquired by or become due to him/her, until further order of Court or termination of the proceeding. You are not required to withhold the payment of any money beyond double the amount of the judgment.

**WARNING: YOUR FAILURE TO COMPLY WITH THE CITATION PROCEEDING MAY RESULT IN A JUDGMENT BEING ENTERED AGAINST YOU FOR THE UNSATISFIED AMOUNT OF THIS JUDGMENT. 735 ILCS 5/2-1402(D)(1).**

**WARNING: YOUR FAILURE TO APPEAR AT THE CITATION HEARING AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT.**

I, David P. Lichtman, declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Declaration is true and correct.

Signature of Attorney
David P. Lichtman

MICHAEL W. DOBBINS

CLERK OF THE COURT

NADINE FINLEY
DEPUTY CLERK

Date: JUN 2 4 2008

Attorney for Judgment Creditor
David P. Lichtman (#6290051)
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700 Fax (312) 251-9701

# United States District Court
## Northern District of Illinois
### Eastern Division

| | |
|---|---|
| Chicago Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 08 C 1868 |
| Environmental Success Construction, Inc. | |

☐      Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■      Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.


IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's motion for default judgment is granted. Court enters judgment confirming the arbitration award dated 11/29/2007.


Michael W. Dobbins, Clerk of Court

Date: 6/11/2008

_____
/s/ Carol Wing, Deputy Clerk

# EXHIBIT C

| | | | |
|---|---|---|---|
| **ClientCaseID:** N7641 DPL<br>**Law Firm ID:** WHITFIEL | | *190856A* | **CaseReturnDate:** 7/24/08 |

**Affidavit of SPECIAL PROCESS SERVER**

## UNITED STATES DISTRICT COURT

Case Number **08CV1868**

I, R. MARSHALL GRADY

FIRST DULY SWORN ON OATH STATES THAT I AM OVER 18 YEARS OF AGE AND NOT A PARTY TO THIS SUIT AND IS A REGISTERED EMPLOYEE OF ILLINOIS DEPARTMENT OF PROFESSIONAL REGULATION PRIVATE DETECTIVE AGENCY #117-001292 STERN PROCESS & INVESTIGATION LLC 205 W. RANDOLPH ST. #1210 CHICAGO IL 60606

## CORPORATE SERVICE

THAT I SERVED THE WITHIN   CITATION TO DISCOVER ASSETS
ON THE WITHIN NAMED  DEFENDANT  Environmental Success Construction, Inc.
PERSON SERVED **TRACY YOUNG, SECRETARY**
BY LEAVING A COPY OF EACH WITH THE SAID DEFENDANT ON **7/2/08**

That the sex, race and approximate age of the person whom I left the   CITATION TO DISCOVER ASSETS
are as follow:

| **Sex** FEMALE | **Race** BLACK | **Age** 44 |
|---|---|---|
| **Height** 5' 6 | **Build** MEDIUM | **Hair** BLACK |

LOCATION OF SERVICE   **1156 S. Wesley**
**Oak Park, IL, 60304**

Date Of Service   **7/2/08**          Time of Service   **9:47 PM**

                                                                          7/3/2008
R. MARSHALL GRADY
**SPECIAL PROCESS SERVER**
PERC# 0129-275752

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statement are true and correct, except as to matters therein stated to be on information and belief and such matters the undersigned certifies as aforesaid that he/she verily believes same to be true.